IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| NASIR FOWLER, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 15-1595 |
| | : | |
| CVS HEALTH CVS/PHARMACY, | : | |
|     Defendant. | : | |

**Jones, II    J.**                                                                                          **June 23, 2015**

**MEMORANDUM**

On March 27, 2015, Nasir Fowler ("Plaintiff") filed a Complaint in this Court against CVS Health CVS/Pharmacy ("Defendant"). (Dkt No. 1.) Plaintiff alleges six counts against Defendant for violations of his constitutional rights, actionable pursuant to 42 U.S.C. § 1983 ("section 1983"), including: (I) false arrest, (Dkt No. 1 [hereinafter Compl.] ¶¶ 37-43); (II) malicious prosecution, (Compl. ¶¶ 44-49); (III) unreasonable seizure, (Compl. ¶¶ 50-56); and Pennsylvania state law claims for (IV) battery, (Compl. ¶¶ 57-60), (V) false imprisonment, (Compl. ¶¶ 61-65), and (VI) intentional infliction of emotional distress. (Compl. ¶¶ 66-70.)

On April 2, 2015, Defendant filed a Motion to Dismiss with a supporting Memorandum of Law. (Dkt No. 2 [hereinafter MTD].) Defendant moves to dismiss Counts I, II, and III under the theory that Defendant is not a state actor, and that, in the alternative, Defendant is insulated from liability by the Pennsylvania Retail Theft Act (the "PRTA"). (MTD at 4.) Defendant moves to dismiss the state law claims for failure to sufficiently plead the components of each claim. (MTD at 8-10.)

1

Plaintiff filed a Response to Defendant's Motion to Dismiss on April 23, 2015. (Dkt No. 5 [hereinafter Resp.].) Upon consideration of the Complaint, Defendant's Motion to Dismiss, and Plaintiff's Response, it is hereby ordered that said Motion is GRANTED IN PART AND DENIED IN PART.

The Court GRANTS Defendant's Motion to Dismiss as to Counts I-V and dismisses those claims with prejudice. The Court DENIES Defendant's Motion to Dismiss Count VI as to one theory of liability described herein, but GRANTS Defendant's Motion to Dismiss Count VI as to all other theories.

Thus, the only remaining claim is Count VI on a narrow theory of liability described herein.

## I. Statement of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 233 (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 378; *accord Fowler v. UPMC Shadyside*. 578 F.3d 224,

233 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me-accusation.") (internal quotation marks omitted).

## II. Statement of Facts

When deciding a motion to dismiss under 12(b)(6), the "court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). For the purpose of deciding the instant Motion, the Court must take all alleged facts as true. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted).

Plaintiff is an adult citizen and current resident of Pennsylvania. (Compl. ¶ 7.) Defendant is the retail division of CVS Health, with its corporate offices in Rhode Island. (Compl. ¶ 8.)

On Saturday, November 30, 2013, at 11:50 p.m., an officer of the Norristown Police Department identified as "Officer Emrich" was dispatched to the 1200 West Main Street, Norristown CVS location in response to a reported robbery in progress. (Compl. ¶¶ 10-11.) After arriving, Officer Emrich met with CVS employee Michael Deshields and the CVS store manager on duty. (Compl. ¶ 12.) Mr. Deshields told Officer Emrich that Plaintiff bagged $66.93 worth of merchandise, placed the merchandise in a cart and walked out of CVS without making payment. (Compl. ¶¶ 13-14.)

Officer Emrich and CVS management retrieved the store's security footage to gather an accurate account of the incident. (Compl. ¶ 15.) From the security footage, Officer Emrich and

CVS management saw Plaintiff provide an ATM card to Mr. Deshields before leaving the store. (Compl. ¶¶ 16-17.) Security footage also showed that Mr. Deshields and Plaintiff spoke for a number of minutes after Plaintiff provided his ATM card and before Plaintiff exited the store. (Compl. ¶¶ 16-17.) Plaintiff was not charged for the items and left the store without paying for the items. (Compl. ¶¶ 17-18.) Plaintiff further contends that Mr. Deshields did not realize that Plaintiff's ATM card was not charged. (Compl. ¶¶ 17-18.) The CVS Manager stated to Officer Emrich that, "we cannot allow [Plaintiff] to get away with theft" and proceeded to file a complaint and press charges against Plaintiff for retail theft.[1] (Compl. ¶¶ 19-20.)

Plaintiff returned to Defendant's store the following morning on Sunday, December 1, 2013, upon learning that the November 31st transaction was not completed. (Compl. ¶ 21.) After providing full payment for the allegedly stolen merchandise, Plaintiff requested that Defendant inform the Norristown Police Department of Mr. Deshields's mistake and of Defendant's receipt of payment. (Compl. ¶ 21-22.) Defendant failed to inform Officer Emrich or anyone at the Norristown Police Department of the payment. (Compl. ¶ 23.)

The Norristown Police Department issued an arrest warrant for Plaintiff. (Compl. ¶ 24.) On December 19, 2013, Officer Emrich arrested Plaintiff and charged him with Retail Theft in accordance with 18 Pa.C.S.A. § 3929. (Compl. ¶ 25.) On December 20, 2013, after appearing before the Honorable Margaret A. Hunsicker, Bail Commissioner, Plaintiff was confined to the Montgomery County Correctional Facility. (Compl. ¶ 26.) Plaintiff sat in the Montgomery County Correctional Facility for thirty-four (34) days after his initial arrest. (Compl. ¶¶ 27-28.)

---

[1] Plaintiff alleges in his Response to the Defendant's Motion to Dismiss that the CVS Manager's statement ("we cannot allow him to get away with theft") was in response to Officer Emrich noting that he knew Mr. Fowler and that he had arrested Mr. Fowler previously for a retail theft when he was younger. (Resp. at 3.) For purposes of this Motion to Dismiss, the Court can only consider the evidence presented in the Complaint and the attachments.

4

On January 22, 2014, Plaintiff appeared before the Honorable Francis J. Lawrence, Jr., Montgomery County District Judge for a preliminary hearing. (Compl. ¶¶ 27-28.) Witnesses to the November 30, 2013 alleged retail theft were subpoenaed to appear at the Preliminary Hearing on January 22, 2014. (Compl. ¶ 30.) None of the witnesses attended or contacted the Norristown Police Department to drop the charges against Plaintiff. (Compl. ¶ 31.) At the preliminary hearing, the Commonwealth requested a continuance. (Compl. ¶¶ 29-31.) On January, 23, 2014, one day after the continuance request and thirty-five (35) days after Plaintiff's detainment, Defendant informed the Norristown Police Department that the alleged stolen merchandise was paid for and that Defendant would be withdrawing the complaint. (Compl. ¶ 31.) On January 28, 2014, Plaintiff was released from prison, forty-one (41) days after being arrested - missing the Christmas and New Year's holiday. (Compl. ¶ 33.)

### III. Analysis:

A. Count I-III are dismissed because Defendant did not act "under color of state law."

Defendant moves to dismiss Counts I-III as they relate to Plaintiff's federal claims of false arrest, malicious prosecution, and unreasonable seizure under section 1983. (MTD at 4.) The Court finds that Defendant was not "acting under color of state law" when its employees called the Norristown Police Department and issued a retail theft complaint against Plaintiff. Therefore, Defendant's Motion to Dismiss in reference to Counts I-III will be granted.

"Every person who, under color of any statute…who subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…." 42

U.S.C. § 1983. For a claim to be viable under §1983, a plaintiff must (1) allege the violation of a right secured by the Constitution and laws of the United States and (2) show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As to the first prong, Plaintiff alleges false arrest, malicious prosecution, and unreasonable seizure in violation of his Fourth and Fourteenth Amendment rights. *See* U.S. Const. amend. XIV, § 1. (Compl. ¶¶ 6-12.)

As to the second prong, Plaintiff argues that Defendant acted under color of state law by having the Plaintiff detained by the Norristown Police Department. (Compl. ¶¶ 38-56.) Although Defendant is not a state actor, private persons can still be liable under section 1983, if the private persons were jointly engaged with state officials in state action. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970) ("To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.") (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)). "The principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Leshko v. Servic*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted)); *see also Lugar v. Edmondson Oil Co, Inc.*, 457 U.S. 922, 937 (1982) (asserting that a private entity must have "acted together with" or "obtained significant aid from state officials" to have been acting under color of state law).

For claims against store owners, the Third Circuit has put forth a two-part test to prove joint action between the state and the store owners: "(1) the police have a pre-arranged plan with the store; and (2) under the plan, the police will arrest anyone identified as a shoplifter by the

6

store without independently evaluating the presence of probable cause." *Cruz v. Donnelly*, 727 F.2d 79, 81 (3d Cir. 1984); *Cahill ex rel. L.C. v. Live Nation*, 512 F. App'x 227, 230 (3d. Cir. 2013) (non-precedential) (noting that the test is conjunctive).

First, the Court finds that there was no pre-arranged plan between Defendant and the Norristown Police Department. "Generally merchants are not considered to be acting under the color of law for the purposes of § 1983 when they detain a person suspected of shoplifting or other crimes, call the police, or make a citizen's arrest." *Caswell v. BJ's Wholesale Co.*, 5 F.Supp.2d 312, 318 (E.D. Pa. 1998) (quoting *Jones v. Wal-Mart*, 33 F.3d 62 (10th Cir. 1994)); *see also Humprheys v. PPL Elec. Utils Corp.*, 2014 WL 5503201, at *3 (E.D. Pa. 2014) (holding that even where store employees provided a false report to law enforcement, they were not acting under color of law); *Cooper v. Muldoon*, 2006 WL 1117870, at *2 (E.D. Pa. 2006) ("[M]erely calling the police, furnishing information to the police, or communicating with a state official does not rise to the level of joint action necessary to transform a private entity into a state actor."); *see generally Watson v. Haverford Tp. Police Dept.*, 2011 WL 2200306, at *4 (E.D. Pa. 2011) (collecting cases).

The only evidence that Plaintiff points to of a pre-arranged plan is (1) the joint viewing of the surveillance video – which Plaintiff believes exonerates him – and (2) the conversation between the CVS Manager and Officer Emrich where the Manager told Officer Emrich that "*we cannot allow* [Plaintiff] *to get away with theft.*" (Compl. ¶¶ 16-21) (emphasis added). As to the joint viewing, the Court does not find that the act of jointly viewing a surveillance tape implicates a plan between the parties. A store employee helping an officer view a store surveillance tape is not evidence of a pre-arranged plan. Further, the Court cannot construe the Manager's statement to Officer Emrich as a direction or command. *See, e.g.*, *Robinson v. Family*

*Dollar, Inc.*, 2015 WL 3400836, at *4 (E.D. Pa. 2015) (finding that there was no plan where Plaintiff had failed to alleged that the store employees "*directed* the police to arrest or prosecute [Plaintiff]").

Even construing the Manager's statement as a "command," there is sufficient evidence in Plaintiff's Complaint that Officer Emrich conducted an independent investigation regardless of the Manager's "command." *Cruz*, 727 F.2d at 81 (finding that where Plaintiff has not pled that the police would not have taken the action absent the store employee's order to police, the store employee's order is not evidence of a plan). Officer Emrich conducted his own independent investigation. He watched the security footage. (Compl. ¶¶ 15-16.) According to Plaintiff's Complaint, such footage shows that Plaintiff presented an ATM card for payment, but that the card was not charged, and Plaintiff exited the store without paying. (Compl. ¶¶ 15-16.) Officer Emrich also interviewed multiple staff members, including Mr. Deshields. (Compl. ¶¶ 15-18.) Mr. Deshields did not tell Officer Emrich that he believed that the incomplete payment was his fault. (Compl. ¶¶ 15-18.) Mr. Deshields told Officer Emrich that "Mr. Fowler bagged $66.93 worth of items and placed them in a cart and walked out of the store without paying." (Compl. ¶ 13.) Whether by the fault of Mr. Deshields or not, Plaintiff left CVS without making full payment. (Compl. ¶ 13.) Officer Emrich's independent investigation thus found, both through the evidence of the surveillance tape and through his interviews, that Plaintiff presented an ATM card for payment, that the card was not charged, that Plaintiff exited the store without paying. Given that Officer Emrich performed his own independent investigation, Plaintiff cannot assert that the Department would "arrest anyone identified as a shoplifter by the store without independently evaluating the presence of probable cause." *Cruz*, 727 F.2d at 81.

Plaintiff has failed to allege a sufficient section 1983 claim against Defendant. Accordingly, Counts I-III will be dismissed.

B. <u>Count IV is dismissed as Plaintiff has not alleged any violation that would constitute a case of Battery.</u>

In Count IV, Plaintiff alleges that Defendant violated the Pennsylvania state law against battery. (Compl. ¶¶ 57-60.) Plaintiff alleges common law battery based on the manner in which Defendant ordered, consented and agreed to the physical restraint and handcuffing of Plaintiff by the Norristown Police Department. (Compl. ¶ 58.) Defendant moves to dismiss Count IV on the ground that Plaintiff has not sufficiently pled the components of a Pennsylvania state claim for battery.[2] (MTD at 8.) The Court agrees.

Simple Assault is an attempt to cause or intentionally, knowingly or recklessly causes bodily injury to another. 18 Pa. Con. Stat. Ann. § 2701(1). Plaintiff alleges nothing that indicates that any employee of Defendant ever touched Plaintiff in any way. In addition, nothing in Plaintiff's Complaint could reasonably lead to the conclusion that Defendant intentionally caused or knowingly caused Plaintiff any bodily injury.

Count IV is dismissed as Plaintiff has not successfully alleged any violation that would constitute a claim for battery against Defendant.

---

[2] The state of Pennsylvania classifies "Battery" as "Simple Assault" and eliminates the common law distinctions between assault, battery and mayhem. 18 Pa. Con. Stat. Ann. § 2701 (West). Plaintiff alleges "Battery" in the Complaint, but for purposes of this memorandum and in accordance with 18 Pa. Con. Stat. Ann., the Court will view "Battery" in the same light as "Simple Assault."

C. Count V is dismissed as Defendant did not knowingly file a false charge.

In Count V, Plaintiff alleges that Defendant violated the Pennsylvania state law against false imprisonment. The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention, where such detention is unlawful if it is the consequence of a false arrest. *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (1994). Defendant moves to dismiss Count V[3] on the theory that the Pennsylvania Retail Theft Act insulates merchants from civil or criminal liability in regards to detention of those suspected of retail theft. (MTD at 7.) The Court does not find that Defendant is insulated from liability under the Pennsylvania Retail Theft Act.[4] However, the Court finds other grounds for dismissing Claim V.

Under Pennsylvania law, a private party can be liable for false arrest or imprisonment if the private party instigated the arrest with knowingly false allegations. *Gilbert v. Feld*, 788 F.Supp. 854, 862 (E.D. Pa. 1992). Thus, the question is whether or not the allegations made by CVS employees were knowingly false. At the time Defendant's employees made a complaint with the Norristown Police Department, Plaintiff had left Defendant's store with $66.93 worth of

---

[3] Defendant also moved to dismiss Count I under this theory. Given that the Court has already dismissed Count I, such analysis is not necessary. However, the Court notes that the analysis in this section is also applicable to Count I because false arrest and false imprisonment are essentially the same claim. *Stewart v. Moll*, 717 F.Supp.2d 454, 467 (E.D. Pa. 2010).

[4] Defendant requested that Count V be dismissed under the theory that Defendant is insulated from liability under the Pennsylvania Retail Theft Act. (MTD at 7.) The Pennsylvania Retail Theft Act states that merchants who have "probable cause to believe that retail theft has occurred or is occurring," are allowed to "detain the suspect in a reasonable manner for a reasonable time" to determine whether such suspect has in his possession unpurchased merchandise. 18 Pa. Con. Stat. Ann. § 3929(d). Defendant is a merchant under the Act. 18 Pa. Con. Stat. Ann. § 3929(f). Thus, the Court's analysis turns on whether Defendant acted pursuant to § 3929(d). The record before us does not show that Defendant acted within § 3929(d) at all. At no point was Plaintiff detained or stopped by Defendant or any of Defendant's employees. Plaintiff was detained by the Norristown Police Department off of the Defendant's premises. (Compl. ¶ 25.) Defendant does not fall under § 3929(d) protection given that Defendant never detained Plaintiff within the meaning of the Act.

merchandise without making proper payment. (Compl. ¶¶ 12-13.) Simply put, even according to a generous reading of the Complaint, Plaintiff did not pay for the items before he left the store. (Compl. ¶ 13.) The CVS Manager and Mr. Deshields reported to Officer Emrich that payment had not been made. (Compl. ¶¶ 13-14.) The CVS Manager made the hard evidence of the surveillance video available to Officer Emrich. (Compl. ¶ 16.) Thus, CVS also gave the police evidence that Plaintiff had presented his ATM card and spoke to Mr. Deshields prior to leaving with the merchandise. (Compl. ¶¶ 18-19.) The Court cannot find anything that the CVS Manager said that was false.

Mr. Deshields told Officer Emrich that Plaintiff left the store without paying. (Compl. ¶¶ 12-13.) The Complaint alleges that Mr. Deshields "failed to ring up the items" and that he "neglected to notice that the charge was not completed correctly." (Compl. ¶ 17-18.) Both of these statements place the blame for failure to pay on Mr. Deshields, rather than on Plaintiff. However, neither of these alleged facts renders the statements made by Mr. Deshields to Officer Emrich false. Even according to the Complaint, Mr. Deshields did not believe that Plaintiff had paid when he left the store. The fact that Plaintiff left without paying, regardless of whether Mr. Deshields knew that Plaintiff attempted to pay, was not a false statement. Moreover, as previously addressed, Defendant's employees made the video of the attempted payment available to Officer Emrich. (Compl. ¶ 15.) Thus, the Court cannot find that any employee of Defendant withheld information, or misled Officer Emrich.

It was not until the next morning, after charges were filed with the Norristown Police Department, that Plaintiff returned to the store to correct payment. (Compl. ¶ 21.) Thus, it was not until *after* the filing of a report with the police that Defendant learned that Plaintiff, allegedly, had thought he had paid the night before and had no intention of stealing the

11

merchandise. The facts alleged do not support the assertion that Defendant made false allegations to the Norristown Police Department which lead to Plaintiff's arrest.

Given that Defendant never relayed false information to the police, Count V will be dismissed.

D. <u>Plaintiff has successfully alleged a violation that would constitute a case of Intentional Infliction of Emotional Distress.</u>

In Count VI, Plaintiff alleges that Defendant violated the Pennsylvania state law against intentional infliction of emotional distress. Defendant moves to dismiss Count VI on the ground that Plaintiff has not successfully made allegations that give rise to Defendant's liability. (MTD. at 8.) The elements of intentional infliction of emotional distress are: (1) a person who by extreme and outrageous conduct (2) intentionally or recklessly causes (3) severe emotional distress to another. *Many v. Fitzgerald*, 997 A.2d 1235, 1241 (Pa. Commwlth Ct. 2010); *see also Goodson v. Kardashian*, 413 F. App'x 417, 418 (3d. Cir. 2011) (non-precedential) ("[C]ourts have found intentional infliction of emotional distress only where the conduct at issue has been atrocious and utterly intolerable in a civilized community."). "It is the court's responsibility to determine if the conduct alleged in a cause of action reaches the requisite level of outrageousness." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1487 (3d Cir. 1990).

Plaintiff alleges two theories of liability for intentional infliction of emotional distress. First, Plaintiff alleges that Defendant instigated the incarceration of Plaintiff by the Norristown Police Department. (Compl. ¶¶ 68-69.) Second, Plaintiff alleges that Defendant did not inform the government of Plaintiff's innocence which led to the continued detention of Plaintiff. (Compl. ¶¶ 31-32.)

Under the first theory of liability, the Court does not find that Plaintiff can support an intentional infliction of emotional distress claim on the theory that Defendant filed a complaint

12

for retail theft. Defendant had probable cause to report the purported theft.[5] Probable cause exists if at the time of the issuance of the citations, "the facts and circumstances within the Officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing" a crime had been committed. *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964). A person is guilty of retail theft if he "takes possession of, carries away, transfer…any merchandise displayed…for sale by any store…with the intention of depriving the merchant of the possession…without paying the full value thereof." 18 Pa.C.S.A. § 3929(a). Plaintiff, whether intentionally or mistakenly, walked out of Defendant's store with $66.93 worth of merchandise that was not properly purchased. (Compl. ¶¶ 13-14.) At the time of the initial complaint to the Norristown Police Department, Plaintiff had not returned to the store nor did Defendant know that Plaintiff would return to correct payment. The surveillance video showed Defendant that Plaintiff presented an ATM card for payment. However, Defendant also knew that any alleged payment was not successful. Thus, at the time Defendant filed the complaint, payment was still outstanding and Plaintiff's "intention" appeared to leave without paying. Defendant's employee, the Manager, had probable cause to file a complaint and press charges of retail theft for unpurchased merchandise. Count VI is dismissed, in part, with regards to the first theory of liability.

As to the second theory, the Court finds that Plaintiff has sufficiently pled a theory of liability for intentional infliction of emotional distress. Plaintiff has pled that Defendant waited until January 23, 2014 (thirty five days after Plaintiff was incarcerated and fifty one days after Plaintiff paid for the merchandise) to inform the government that Plaintiff had corrected payment. Plaintiff has pled that Defendant failed to appear at his preliminary hearing, despite

---

[5] The Court notes that it remains an open question in the Third Circuit whether asserting a claim *without* probable cause would classify as extreme or outrageous behavior. *See, e.g.*, *McCoy-Jones v. Indiana Borough*, 2012 WL 3686773, at *8 (W.D. Pa. 2012) (collecting cases).

being subpoenaed, and generally refused to assist the government in the prosecution of their criminal complaint against Plaintiff. (Compl. ¶¶ 30-31.) These actions contributed to Plaintiff's continued incarceration. For any citizen to be imprisoned for retail theft solely on the basis of a cashier's error is a personal devastation no one should have to endure. For any citizen to remain in jail in large part due to a store's failure to correct that error or to appear when subpoenaed at the citizen's preliminary hearing could be found by a jury to be extreme and outrageous behavior.

    Accepting all of Plaintiff's factual allegations as true, construing the Complaint in the light most favorable to Plaintiff, and having determined that under a reasonable reading of the Complaint that Plaintiff may be entitled to relief, Count VI is not dismissed with regards to the second theory of liability.

## IV. Conclusion

    The Court GRANTS Defendant's Motion to Dismiss as to Counts I-V and dismisses those claims with prejudice. The Court DENIES Defendant's Motion to Dismiss Count VI as to one theory of liability described herein, but GRANTS Defendant's Motion to Dismiss Count VI as to all other theories.

    Thus, the only remaining claim is Count VI on a narrow theory of liability described herein. As to this remaining claim, Defendant is ORDERED to file an Answer to Plaintiff's Complaint.

**BY THE COURT:**

/s/ C. Darnell Jones, II

_____

C. Darnell Jones, II    J.